# UNITED STATES DISTRICT COURT

### for the
### Southern District of Illinois

John P. Chapman S03756 _____ )
_____ )          Case Number:          23-3200-DWD
_____ )          _____
_____ )                  *(Clerk's Office will provide)*
_____ )
*Plaintiff(s)/Petitioner(s)* )
v. )
_____ )          ☒ CIVIL RIGHTS COMPLAINT
Sgt. Haring, Sgt. Caldwell, Sgt. Rickert, )          pursuant to 42 U.S.C. §1983 (State Prisoner)
Lt. Cellers, Officer Decker, Officer )          ☐ CIVIL RIGHTS COMPLAINT
Dawdy, Lt Foster )          pursuant to 28 U.S.C. §1331 (Federal Prisoner)
_____ )          ☐ CIVIL COMPLAINT
_____ )          pursuant to the Federal Tort Claims Act, 28 U.S.C.
*Defendant(s)/Respondent(s)* )          §§1346, 2671-2680, or other law

I.     **JURISDICTION**

**Plaintiff:**

A.     Plaintiff's mailing address, register number, and present place of
       confinement.

       6665 State Rt 146 E Vienna 62995-3122
       Shawnee Correctional center

**Defendant #1:**

B.     Defendant   Officer Decker   _____ is employed as
                   (a)        (Name of First Defendant)

       Officer   _____
                   (b)               (Position/Title)

       with   Madison County Jail (sheriff's dept.)
                   (c)        (Employer's Name and Address)
       405 Randall St. Edwardsville IL

       At the time the claim(s) alleged this complaint arose, was Defendant #1
       employed by the state, local, or federal government?   ☒ Yes   ☐ No

       If your answer is YES, briefly explain:

               Defendant, at this time, was employed at the Madison County Jail

Rev. 10/3/19

**Defendant #2:**

C.    Defendant _Sergeant Rickert_ _____ is employed as

(Name of Second Defendant)

_Sergeant_ _____

(Position/Title)

with _Madison County Jail_ _____

(Employer's Name and Address)

_405 Randall St. Edwardsville IL_

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:

Defendant, at this time, ~~was~~ is employed at the Madison County Jail, now
as a lieutenant.

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

Sgt. Haring

Sgt. Caldwell

Lt. Cellers

Officer Dowdy

Lt. Foster

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☐Yes  ☒No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):


Defendant(s):


2.    Court (if federal court, name of the district; if state court, name of the county):

3.    Docket number:

4.    Name of Judge to whom case was assigned:

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):

7.   Approximate date of filing lawsuit:

8.   Approximate date of disposition:

9.   Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

III.   **GRIEVANCE PROCEDURE**

A.   Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?                          ☒ Yes   ☐ No

C.   If your answer is YES,
   1.   What steps did you take?
      I filed 75 grievances (roughly) between these dates of Feb. 10, 2022 and May 25, 2022

   2.   What was the result?
      On Feb 10, I was given my X-ray and on May 25, I was given my CT Scan.

D.   If your answer is NO, explain why not.

E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?                ☒ Yes   ☐ No

F.   If your answer is YES,
   1.   What steps did you take?
      I asked them to stop beating me because I had just had brain Surgery.

Rev. 10/3/19

    2.      What was the result?

They beat me and threw me in segregation for 49 days

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

IV.    **STATEMENT OF CLAIM**

A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated.  Do not include legal arguments or citations.  If you wish to present legal arguments or citations, file a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

After having brain Surgery, and for no valid reason, the defendants listed above assaulted me and sprayed me with mase and then threw me in segregation for 44 days. They also delayed medical treatment.

Medical staff showed negligence.
deliberate Indifference

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

$5 Million in damages and for all defendants to be terminated from present employment and barred from any future employment in this state.

## VI.    JURY DEMAND (*check one box below*)

The plaintiff ☒ does   ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: _____
                    (date)

_____
Signature of Plaintiff

66665 State Route 146 E
Street Address

John P. Chapman S03756
Printed Name

Vienna, IL 62995
City, State, Zip

S03756
Prisoner Register Number

_____
Signature of Attorney (if any)

Rev. 10/3/19

From Prisoners' Self-help Litigation Manual (4ᵗʰ Ed) John Boston / Daniel E. Manville 2010

36. 768, 784

• "The Supreme Court has listed as basic human needs: food, clothing, shelter, medical care, and reasonable safety" (Helling v. McKinney 509 U.S. 25, 32, 113 S. Ct. 2475 (1993) pg. 8

• "The malicious and sadistic use of force, even without significant injury, is an 8ᵗʰ Amendment violation, as is other treatment that unjustifiably inflicts pain or injury" (Hudson v. McMillian 502 U.S. 1, 7-9, 112 S. Ct. 995 (1992)); (Hope v. Pelzer 536 U.S. 730, 738, 122 S. Ct. 2508 (2002) pg. 9

• "One court has ruled that it is unconstitutional to inflict 'serious... pain' on inmates to serve 'minor correctional concerns', 'routine & automatic security concerns', 'or pragmatic interests of a lesser nature". (Jordan v. Gardner 986 F.2d 1521, 1530 (9ᵗʰ Cir. 1993 en banc)

• "Especially degrading or abusive conditions are unconstitutional even if imposed for short periods of time". (see Hope v. Pelzer above) pg. 13

• "The Supreme has held that a prison official can be found reckless or deliberately indifferent if 'the official knows of and disregards an excessive risk to inmate health or safety". (Farmer 511 U.S. 837) [pg.1]

• U.S. v. DeCologero 821 F.2d 39, 43 (1ˢᵗ Cir 1987) "Adequate medical care requires treatment by a qualified medical personnel who provides services that are of a quality acceptable when measured by prudent professional standards in the community, tailored to an inmate's particular needs, and that are based on medical considerations". pg. 36

• "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain"... proscribed by the 8ᵗʰ Amendment". (Estelle v. Gamble 429 U.S. 97, 104, 97 S. Ct. 285 (1976)); (Erickson v. Pardus 551 U.S. 89, 94, 127 S. Ct. 2197 (2007)

• "The deliberate indifference standard requires a plaintiff to show that the defendants had actual knowledge of an objectively cruel condition ... and did not respond reasonably to the risk." (Farmer v. Brennan U.S. 825, 837, 114 S. Ct. 1970 (1994)) pg. 39

• "conduct [of denial or delay of access to treatment] may include interference with access to personnel or to a hospital, or failure of medical personnel to deal with the prisoner's ... or to do so timely". (see Estelle v. Gamble above); (Alsina-Ortiz v. Laboy 400 F.3d 77 Cir. 2005) holding guard who knew of prisoner's prolonged, manifest, and agonizing pain



and did nothing about it could be found deliberately indifferent); (Murphy v. Walker 51 F.3d 714, 719 (7th Cir. 1995) 2 month failure to get prisoner with head injury to a doctor stated a claim); (H.C. by Hewitt v. Jarrard 786 F.2d 1080, 1083, 10,87 (11th Cir. 1986) isolation of injured inmate and deprivation of medical attention for 3 days) pg. 42

" Many courts have held that a serious medical need is 'one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention". (McGuckin v. Smith 974 F.2d 1050, 1059-60 (9th Cir. 1992) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment supports a finding of seriousness) pg. 54

" A recent 2nd Circuit decision sums up all these factors, stating that the seriousness of a medical need is determined by factors including, but not limited to (1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment', (2) whether the medical condition significantly affects daily activities, and (3)' the exist of chronic and substantial pain'. (Brock v. Wright 315 F.3d 158, 162 (2nd Cir. 2003); (Suarez v. Keiser 338 F. Supp. 2d 442, 444 (W.D. N.Y. 2004)) pg. 55

" Evidence of recent traumatic injury... has generally been sufficient to demonstrate a serious medical need". (Murphy v. Walker 51 F.3d 714, 719 (7th Cir. 1995) Any injury to the head unless obviously superficial should ordinarily be considered serious and merits attention until properly diagnosed as to severity) pg. 56

" Non-physician staff like nurses and physician's assistants cannot lawfully be assigned, or try to perform, tasks beyond their training or be left without adequate supervision". (Toussaint v. McCarthy 801 F.2d at 1111-12 "medical technical assistants, registered nurses, and inmates cannot lawfully render services they are not qualified for) PJ. 61

" Prisoners whose medical needs call for a physician's attention must receive it". (Mandel v. Doe 888 F.2d 783, 789-90 (11th Cir. 1989) damages awarded where physician's assistant failed to diagnose a broken hip, refused to order an x-ray, and prevented the prisoner from seeing a doctor) pg. 61

"To be held liable prison officials must disregard a risk that is 'excessive' or poses a substantial ~~Serious~~ risk of serious harm". (Berry v. City of Muskogee 900 F.2d 1489, 1496 (10th Cir. 1990) risk that is 'very likely to result in violation of a prisoner's Constitutional rights); (Frett v. Government of Virgin Islands 839 F.2d 968, 978 (3d Cir. 1988) risk of such a nature and degree that to disregard it was a gross deviation from the standard of care a corrections officer should have exercised in the situation') Pg. 110

"But even minimum force may be unconstitutional if it is "repugnant to the conscious of mankind" ~~(U.S. v. Walsh 194 F.3d 37, 50 (2d Cir. 1997) conduct of officer~~                    Pg. 131)↓

☞ (Loury v. Greenfield, 87 F.Supp. 2d 1210, 1217 (D. Kan. 2000) assault with no penological justification is repugnant: plaintiff alleged he was assaulted after reporting staff misconduct)

"Even if the injuries suffered were not permanent or severe, ~~a~~ or plaintiff may still recover if the force used was unreasonable and excessive" (Corselli v. Coughlin 842 F.2d 23, 26 (2nd Cir. 1988) jury question was presented where inmate was allegedly knocked unconscious and sustained cuts, swelling, dizziness, and blurred vision) Pg. 132

☞ "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury". (Wilkins v. Gaddy ___ U.S. ___ 130 S.Ct. 1175, 1179 (2010) holding prisoner who alleged he suffered... migraine headaches, dizziness, and psychological trauma when he was punched, kicked, kneed, choked, and body slammed maliciously and sadistically without any provocation stated an 8th Amendment claim)

"Physical abuse and foul and degrading ~~conditions~~ of punitive confinement are unconstitutional". (Hope v. Pelzer 536 U.S. 730, 738 122 S.Ct. 2508 (2002)

On February 9th, 2023, approx. 10:40 AM
on G-South in Madison County Jail, Officer Decker
came into the wing and directed all inmates
to get back to their cells and lock up because
an Inmate was panicking in the dayroom,
pleading to be Rehoused because he and I
had problems a few Months prior. We all
complied. Even though No Threats or resistence
was Made, Craig Rickert, Officer Decker,
Officer dowdy, came to the front of my
cell and Sgt. Rickert said "Oh, you Again"
I was told to Exit the cell and as I Made
My way out of the cell, these officers
were Making remarks and Threats. I told
them that I had done nothing other than
wake up. These officers took me from
G-South, as I looked up at the camera,
Officer Decker told Me to get down on my
knees. I complied, and as he started
applying handcuffs on my wrists, he struck
me several times on the right side of my
head. I fell to my belly, as officer Dowdy
finished cuffing me. As I yelled for the
officers to stop Assaulting Me, telling them
that I Just had brain Surgery, Sgt. Rickert
kicked Me in My left eye. This, along with
Deckers previous punch to My right eye left
me with two black eyes and blurry vision.
Sgt. Rickert, Officer Dowdy, and officer Decker
then carried Me about 200 ft. to a Segregation
cell. On my way I said "Lt. Foster, you know
Me" Lt. Foster Then Replied "Sorry it's out of my hands...

I wasn't their."

While still in disbelief from my assault, I heard someone say, "Hey John." When I looked up, someone sprayed me with Mase. Everything but the Mase Attack is caught on the hallway video footage. I layed in 'sea' for almost an hour before Sgt. Haring removed my handcuffs, then Kicked My Lunch Tray through My food port (chuck hole). I had No Water and No Clothing other than My Boxers. I was left in the Cell with Mase still burning my skin until 7pm, when I was Moved to the "Lockdown Block" on C-North and given a shower.

Between 11pm - 1 AM, I was visited by a Nurse and an X-Ray tech, who told me, "you should be seen in St. Louis University, but I can't undermine my boss". My skull was fractured, which dislodged my Implants and the screws that were embedded in my Cranium. For Sometime, I was urinating and defecating myself because I had No control over my bowels and to this day, I still have seizures which I'm perscribed to Kepra, 1000mg, and I take it as perscribed but still suffer from Migraine headaches. From My left hand to my Elbow, and from my Knee to My hips, I had Numbness throughout (though, Now it's only in my thigh). I was Kept in lockdown for 49 days. After Meeting with My Attorney, Sgt. Rickert asked Me if I wished to Return to population. I said I was, but I wished to be housed with My Brother Gary phelps. Between February 10th 2022

and May 25, 2022, I submitted 75 grievances about this Issue. I was eventually taken to an outside hospital for a CT Scan. On February 4th, 2022, I had a seizure in Court. I was beaten on February 9th, 2022, I was beaten for No Reason. Between February 25th, 2022 and August 25th, 2022, I had propably 20 seizures, including one during My CT Scan on May 25th, 2022. I still have seizures and Migraines to this day. After Officer Decker injured his Arm from Repeatedly hitting Me in My head during this incident, Officer Decker has been permenatly released from duty (February 11, 2022) and Sgt. Haring was given a 5-Week Suspension.

On March 3, 2022, I was experiencing very Intense Migraines while on the lockdown unit. I asked for a Nurse and Jessie Thomas told me that Lieutenant Cellars was coming to see me. He pretended to sympathize with me as we walked towards the segregation unit. There, he pushed Me into one of the cells, stripped Me, pushed Me down, and Kicked Me, Saying, "We all know we can't hit you in the head anymore", and continued Stomping and Kicking Me into My Ribs, arms and Back.

While I was Suffering intense pain from head to toe, I was thrown into the "suicide Watch" Room. I was Released five days later after seeing a psyche professional.

**Instructions for Filing a Pro Se Civil Complaint for
Civil Rights Violations or Other Civil Claims Filed
by a Person in Custody
in the United States District Court
for the Southern District of Illinois**

1.      The attached civil complaint form may be used in a civil action (except habeas corpus actions) filed in this district by a person in custody. You may use this form even if your claims are not limited to civil rights or federal tort claims. A different form should be used in habeas corpus actions, including actions brought under 28 U.S.C. §§ 2241, 2254, or 2255 (copies are available from the clerk's office).

2.      Your complaint must be prepared and submitted as set forth in these instructions. The court may dismiss, strike, or order the return of papers that do not comply.

3.      Submit the original complaint and any supporting exhibits for filing (see paragraph 16 below). You are strongly encouraged to keep a copy of all documents you submit for filing. Any document submitted for filing must be on 8 ½″ x 11″ paper. If the judge orders service of process on one or more defendants, the clerk will make copies of your complaint for service on those individuals.

4.      Your complaint may be typed or handwritten. If handwritten, it must be readable. All questions must be answered clearly and completely. It is not necessary to have your complaint notarized, but it must include a declaration under penalty of perjury that the information you provide is true and correct. A deliberate false statement of fact may serve as the basis of summary dismissal of your case or other sanctions. **Your complaint must be signed and dated.**

5.      Confine your answers to the space provided on the **front** of the page. You may use additional pages (on 8 ½″ x 11″ paper) if more space is needed. State only when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law.

6.      You must pay a filing fee of $402.00 at the time you file your complaint. If you are unable to prepay the entire filing fee and service costs for your lawsuit, you may seek permission to proceed without prepaying fees or costs by filing a motion to proceed *in forma pauperis*. A form motion is available from the clerk's office. Follow the directions on that form and answer all questions clearly and concisely. You must include a statement of your assets, and you must have an authorized institutional officer complete the certification section on the last page of the form. You must also submit a certified copy of your prison or jail account statement for the last six months. If you submit an incomplete form or do not submit a statement of assets

and a prisoner or jail account statement with your form, your request to proceed *in forma pauperis* may be denied.

7. If your motion to proceed *in forma pauperis* is granted, the court will assess an initial partial filing fee. This initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit , whichever is greater. **These funds will be sent directly to the court from your prison trust account after the court enters its order assessing the initial partial filing fee,** pursuant to 28 U.S.C. § 1915(b)(1). If you are without funds **and** have been without funds for the six months preceding the filing of your complaint, the court will not assess an initial filing fee. Instead, the court will order you to pay the filing fee in installments until the filing fee has been paid, pursuant to 28 U.S.C. § 1915(b)(4).

8. Whether or not you pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(e)(2), you will owe the full balance of any unpaid filing fee, **even if your case is subsequently dismissed voluntarily or because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.** Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The institution that has custody of you will collect that money and send payments to the court any time the amount in your account exceeds $10.00, pursuant to 28 U.S.C. § 1915(b)(2). **You should carefully consider this information before you decide to file a civil action in federal court.**

9. If, at any time during your current or previous imprisonment or detention, you have had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted, then, while you are a prisoner, you will be prohibited from bringing any additional claims, actions, or appeals *in forma pauperis* unless you are in **imminent** danger of serious physical injury at the time you file your claim, action, or appeal. *See* 28 U.S.C. § 1915(g).

10. You are required to disclose any other lawsuits you filed while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law.  You are required to disclose your litigation history, including "strikes," regardless of the form you use to prepare your complaint.  <u>FAILURE TO DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.</u>

11. After the complaint is filed, the original of any motion, pleading, or other paper submitted for consideration by the court should be filed with the clerk. You must

also mail a copy of that document to all other parties, or if they have counsel, to that attorney. When you file your paper with the clerk, you must include a **Certificate of Service**, using the format shown below. Any pleading or other document received by the court that fails to include a certificate of service may be disregarded. Note, however, that some prison facilities participate in an electronic filing program. **In general, you are not required to mail copies of documents to parties if your facility participates in an electronic filing program, because parties who participate in electronic filing will receive the document electronically.** And, pursuant to General Order No. 2012-1, the clerk will mail a copy of electronically filed documents to any party who does not receive the document electronically. You may, however, be required to mail copies of a proposed document, such as a proposed amendment to a pleading. Additional information about electronic filing (and General Order No. 2012-1) is available through prison library staff.

## CERTIFICATE OF SERVICE

I certify that a copy of this _Certificate of Service_ was mailed/delivered
(Name of Document)

to _____ on _____.
(Name and Address of Party/Attorney)         (Date)

_____
Signature

_____
Printed Name

12.    Do not write letters to the court regarding your case. Such contact is improper. If you wish to provide information or ask the court to do something, you must file a motion with the clerk.

13.    You are responsible for learning and following the procedures that govern the court process. The district judges, magistrate judges, clerk of court, and their staff are forbidden as a matter of law from providing legal advice. Legal advice should be sought from an attorney or legal clinic.

Page 3 of 4

14. You have a continuing obligation to keep the Court and each opposing party informed of any change in your address. The Court will not independently investigate your whereabouts. You must notify the Court in writing of your new address within 7 days after a transfer or other change in address occurs. Failure to do so may result in dismissal of your case.

15. Self-representation carries certain responsibilities and risks that a *pro se* litigant should know before proceeding. The court encourages all individuals who are thinking about self-representation to carefully review the risks associated with self-representation and to be aware of the potential consequences. Rule 11 of the Federal Rules of Civil Procedure prohibits the filing of lawsuits that are clearly frivolous or filed merely to harass someone. If, after reviewing your complaint, a judge determines that you have filed a lawsuit for an improper or clearly unnecessary purpose, it may impose sanctions against you, including ordering you to pay a fine to the court or to pay the legal fees of the person or persons against whom you filed the lawsuit. The court has a form motion with which you may request appointment of counsel. If you wish to file such a motion, you may request the appropriate form from the clerk's office. Ordinarily, the court will not consider your motion until **after** you have filed your complaint and permission to proceed without prepaying fees or costs has been granted. Bear in mind that there is no right to counsel in a civil case, and motions to appoint counsel are not automatically granted.

16. When your complaint is complete, submit it to prison library staff (if you are at an institution that participates in the electronic filing program) or mail the original and any supporting exhibits (and an extra copy if you want a file-stamped copy returned to you), along with the **$402.00** filing fee or a motion to proceed *in forma pauperis,* to either:

**Clerk of the Court**
**United States District Court**
**Southern District of Illinois**
**301 West Main Street**
**Benton, IL 62812**

**Clerk of the Court**
**United States District Court**
**Southern District of Illinois**
**750 Missouri Avenue**
**East St. Louis, IL 62201**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

**ELECTRONIC FILING COVER SHEET**

Please complete this form and include it when submitting any type of document, letter, or pleading. to
the U.S. District Court for the Southern District of Illinois for review and filing.

_John Clapman_                    _S03756_
Name                                          ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?        (Yes) or No

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?     (Yes) or No

    If yes, please list case number: _____

    If yes, but you do not know the case number, mark here:   X

3.  Should this document be filed in a pending case?        Yes or (No)

    If yes, please list case number: _____

    If yes, but you do not know the case number, mark here: _____

4.  Please list the total number of pages being transmitted:        15

5.  If multiple documents, please identify each document and the number of pages for each
    document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

    Name of Document                                      Number of Pages
    Footnotes                                                     3 pages
    Civil Rights Complaint                                7 pages
    Prisoner self Help Litigation Manual          3 pages
    Trust Fund Transactions                            2 pages

Please note that discovery requests and responses are NOT to be filed; instead they should be
forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned
unfiled.