IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN P. CHAPMAN, #S03756, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-03200-JPG |
| | ) |
| OFFICER DECKER, | ) |
| SERGEANT RICKERT, | ) |
| SGT. HARING, | ) |
| SGT. CALDWELL, | ) |
| LT. CELLERS, | ) |
| OFFICER DOWDY, | ) |
| LT. FOSTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John Chapman, an inmate in the Illinois Department of Corrections and currently detained at Shawnee Correctional Center, brings this civil rights action under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at the Madison County Jail. In the Complaint, Plaintiff alleges that he suffered severe and lasting injuries after staff repeatedly beat him and denied him medical aid at the Jail. (Doc. 1). He seeks monetary and injunctive relief.[1] *Id.* at 7.

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff is no longer housed at the Jail, so his request for injunctive relief is considered moot unless he anticipates returning and facing the same conditions at the Jail.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 6, 8-14): On February 9, 2022, Defendants Decker, Rickert, and Dowdy demanded that Plaintiff exit his cell. *Id*. at 11.  Once outside, Decker directed Plaintiff to kneel on the ground, as the officer began striking him in the head.  Dowdy placed him in handcuffs as Plaintiff fell to rest on his stomach.  While on the ground, Rickert kicked Plaintiff in the side of the head.  Decker, Rickert, and Dowdy then carried Plaintiff to segregation.  On the way, Plaintiff called out to Defendant Foster, who said this was "out of [his] hands." *Id*.

At the segregation cell, someone sprayed Plaintiff in the face with mace just before Defendant Haring removed his handcuffs and kicked his lunch tray through the food port.  Plaintiff had recently undergone brain surgery that included the placement of implants or other devices.  The beating fractured his skull, dislodged the implants, and caused two black eyes. *Id*. at 12.  He temporarily lost control of his bowels, suffered up to twenty seizures, experienced chronic migraines, and noticed numbness in his limbs. *Id*.  Plaintiff was nevertheless left in the cell without water, clothing,[2] or medical care from lunchtime until 7 p.m. *Id*.

At 7 p.m., he was taken to the lockdown block, where he was allowed to shower.  Later the same night, a nurse and x-ray tech came to his cell.  They stated that he should be seen at a hospital, but declined to help him because it would undermine their boss.  Plaintiff remained in lockdown status for 49 days after the beating, and he submitted many grievances. *Id*.

On March 3, 2022, Plaintiff requested medical assistance for intense migraines.  Defendant Cellers came to his cell and pretended to sympathize with Plaintiff as he escorted him towards the segregation unit.  On the way, Cellers pushed Plaintiff into a cell, stripped him, and kicked him.

---

[2] He was left wearing only his boxers.

As he repeatedly kicked Plaintiff in the ribs, arms, and back, Cellers stated that staff knew they could no longer kick him in the head.  Plaintiff was left in a suicide watch room for five days.  *Id*.

## Preliminary Dismissal

Plaintiff named Sergeant Caldwell as a defendant but he did not make any factual allegations about Caldwell.  Naming a defendant without describing that person's involvement in a constitutional deprivation is insufficient to state a claim.  *See e.g., Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (a claim against a defendant is insufficient if the defendant is named, but there are no factual allegations describing his or her personal involvement).  Any claim against Defendant Caldwell is dismissed without prejudice.

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims:

**Claim 1:** Eighth or Fourteenth Amendment excessive force claim against Decker, Rickert, and Cellers for allegedly beating Plaintiff on February 9, 2022 and March 3, 2022.

**Claim 2:** Eighth or Fourteenth Amendment failure to intervene claim against Dowdy and Foster for failing to intervene in the beating by Decker or Rickert on February 9, 2022.

**Claim 3:** Eighth or Fourteenth Amendment deliberate indifference claim against Haring for placing Plaintiff in a cell without medical care after the beating on February 9, 2022.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.[3]

---

[3] *See Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### Counts 1, 2, and 3

Plaintiff does not indicate whether he was a pretrial detainee at the time of the incidents described or whether he was convicted, sentenced, and/or awaiting transfer to the IDOC. A pretrial detainee's claims are assessed under a more lenient standard provided by the Fourteenth Amendment, whereas a convicted inmate's claims are assessed under the Eighth Amendment. This is so because a pretrial detainee is afforded more protections than a convicted person. *See e.g., Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (assessing a failure to protect claim by a pretrial detainee under the Fourteenth Amendment); *Miranda v. County of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018) (discussing the different legal standards applied to claims by convicted individuals versus pretrial detainees). Plaintiff's claims appear sufficient to proceed against most defendants under either standard at this early stage.

Claim 1 is sufficient to proceed against Defendants Decker and Rickert for their alleged physical assaults against Plaintiff on February 9, 2023 and against Defendant Cellars for the allegedly assault of Plaintiff on March 3, 2023.

Claim 2 is sufficient at this early juncture to proceed against Defendants Dowdy and Foster. Plaintiff alleges Dowdy was present and was helping to place handcuffs during the beating, and Foster refused to intervene when Decker, Rickert, and Dowdy were carrying him to segregation.

Claim 3 is also sufficient to proceed at this juncture against Defendant Haring. Plaintiff alleges that Haring left him in a cell with mace on his face from lunchtime to 7 p.m. on February 9, 2022. Taking Plaintiff's allegations at face value, he also alleges he had two black eyes and no control over his bowels after the beating. The Court will read the Complaint broadly in Plaintiff's favor at this juncture and assume that at least some of these injuries or issues were visible to Haring.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **Claim 1** survives against Defendants Decker, Rickert, and Cellers; **Claim 2** survives against Defendants Dowdy and Foster; and **Claim 3** survives against Defendant Haring. By contrast, Plaintiff has not stated any claim against Defendant Caldwell, and the Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Caldwell.

The Clerk of Court is **DIRECTED** to prepare for Defendants Decker, Rickert, Cellers, Dowdy, Foster, and Haring: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that she is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate her whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of the action.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA protective order because this case will involve Plaintiff's medical records.

A decision on Plaintiff's Motion to Proceed IFP (Doc. 2) is **DEFERRED**.  The Court is in receipt of Plaintiff's trust fund information from Shawnee, but that information only covers July 17, 2023 - September.  (Doc. 2 at 4).  The statute requires the Court to review all trust fund activity for the **six months preceding the Complaint**.  The Court also needs the trust fund information from Plaintiff's stay at Graham Correctional Center.  The Clerk of Court is **DIRECTED** to **RE-SEND** the Trust Fund Officer form to the **Trust Fund Office at Graham**, and the Trust Fund Officer at Graham is **DIRECTED** to complete the form and return it with a Trust Fund Account statement for Plaintiff's stay at Graham.

IT IS SO ORDERED.

Dated: 11/27/2023                                        s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.