**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN P. CHAPMAN, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>OFFICER DECKER, et al., )<br>)<br>*Defendant.* ) | Case No. 3:23-cv-03200-JPG |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR SUMMARY JUDGMENT**

COME NOW Officer Decker, Lieutenant Richert, Lieutenant Haring, Lieutenant Sellers, Sergeant Dawdy, and Lieutenant Foster (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(c), respectfully submit this Reply in support of their Motion for Summary Judgment and in response to new arguments and allegations raised for the first time in Plaintiff's Response.

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

On October 16, 2025, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, supported by sworn affidavits, contemporaneous incident reports, activity logs, medical records, grievance records, and the same jail surveillance footage produced to Plaintiff during discovery. (Doc. 54) On January 13, 2026, the Court entered an Order to Show Cause, stating that Plaintiff's response to Defendants' Motion for Summary Judgment was due 30 days after the Motion was filed, and Plaintiff has not responded. (Doc. 57)  The Court further ordered a Show Cause Response by February 4, 2026. (Doc. 57).  On February 4, 2026, Plaintiff filed his Reply to Defendants' Motion for Summary Judgment. (Doc. 58)

1

In his Reply, Plaintiff, for the first time, alleges that Defendants withheld, altered, or destroyed video evidence and contends that unspecified "missing" portions of surveillance footage create a genuine dispute of material fact precluding summary judgment. (Doc. 58) In the alternative, Plaintiff requests that discovery be reopened to compel production of additional footage and to depose Defendants regarding their sworn testimony. (Doc. 58)

These allegations and requests were not raised in Plaintiff's Complaint, asserted at any point during discovery, or supported by a Rule 56(d) affidavit. At no time did Plaintiff move to compel additional video footage, challenge the completeness or authenticity of the video production, or otherwise suggest that any footage was missing or improperly handled. The video evidence submitted to the Court with Defendants' Motion for Summary Judgment is identical to the video footage produced to Plaintiff in discovery. Moreover, Defendants produced the surveillance footage in their possession, maintained in the ordinary course of business at the Madison County Jail, without tampering, withholding, or destruction.

Because Plaintiff's Response raises new allegations of discovery misconduct and seeks new relief that Defendants had no opportunity to address in their opening brief, Defendants submit this Reply to respond to these newly raised matters.

## II.   PLAINTIFF'S SPECULATIVE ALLEGATIONS REGARDING "MISSING" VIDEO FOOTAGE DO NOT CREATE A GENUINE DISPUTE OF MATERIAL FACT

Plaintiff's assertion that surveillance footage is "missing" and that a "full unaltered video" would undermine Defendants' case is purely speculative and insufficient to defeat summary judgment. To establish spoliation, a party must demonstrate (1) that evidence existed, (2) a duty to preserve it, (3) destruction or withholding in bad faith, and (4) resulting prejudice. *Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010). Plaintiff has made no

2

such showing, as he identifies no evidence that additional footage exists and provides no proof of bad faith.

Conjecture and speculation cannot create a genuine issue of material fact. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) ("Speculation and conclusory allegations do not create a genuine issue of material fact."). Courts in this District have repeatedly applied this principle, holding that "unsupported speculation does not meet a party's burden…" and "speculation does not create a genuine issue of fact; instead, it creates a false issue.'" *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

Because Plaintiff relies entirely on conjecture regarding the video footage, his allegations do not raise a genuine dispute of material fact sufficient to defeat summary judgment.

## III.    THE SURVEILLANCE VIDEO PRODUCED IS CONSISTENT WITH THE RECORD AND DOES NOT SUPPORT PLAINTIFF'S CLAIMS

The surveillance video submitted depicts the portions of the February 9, 2022 incident captured by the jail's fixed security cameras. The absence of audio and the presence of camera transitions are common features of correctional surveillance systems and do not indicate alteration or misconduct.  The video was recorded, stored, and produced in the normal course and scope of the Madison County jail.

The video is consistent with the contemporaneous incident reports, activity logs, sworn affidavits, and medical records submitted by Defendants. Plaintiff's assertion that the video does not "contradict" his testimony does not establish a factual dispute. At summary judgment, the relevant inquiry is whether Plaintiff has produced admissible evidence demonstrating that Defendants' actions were objectively unreasonable. Speculation about footage Plaintiff cannot establish ever existed does not satisfy that standard. *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013).

## IV.    PLAINTIFF'S REQUEST TO REOPEN DISCOVERY IS PROCEDURALLY IMPROPER AND UNTIMELY

Plaintiff's request to reopen discovery, raised for the first time in a summary judgment response, is procedurally improper. If Plaintiff believed video evidence was incomplete or improperly produced, the proper remedy was to pursue relief during discovery through written requests, depositions, or a motion to compel under Federal Rule of Civil Procedure 37.

Plaintiff did not pursue these remedies during discovery, nor did Plaintiff submit a Rule 56(d) affidavit identifying specific evidence he was unable to obtain despite diligent efforts. Without such a showing, a party cannot avoid summary judgment by asserting a generalized desire for additional discovery. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); see also *Adams v. City of Centralia*, 2018 WL 3970141, at *4 (S.D. Ill. Aug. 20, 2018) (denying reopening of discovery where party failed to provide Rule 56(d) justification).

## V.    CONCLUSION

Plaintiff's newly raised allegations regarding "missing" video footage are speculative, unsupported, and procedurally improper. They do not establish spoliation, do not create a genuine dispute of material fact, and do not warrant reopening discovery. Because Plaintiff has failed to present admissible evidence sufficient to defeat summary judgment, Defendants' Motion for Summary Judgment should be granted in its entirety, and Plaintiff's claims should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, and those set forth in Defendants' Motion for Summary Judgment, Defendants respectfully request that the Court consider the arguments presented in this Reply in ruling on the Motion, grant Defendants' Motion for Summary Judgment in its entirety, dismiss Plaintiff's claims with prejudice, and award such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**BLITZ, BARDGETT & DEUTSCH, LC**

By:  */s/ Heidi L. Eckert*_____
Heidi L. Eckert, #6271612
Julie M. Chambers, #6300037
120 S. Central Avenue, Suite 1500
St. Louis, Missouri 63105
Telephone:  314-863-1500
Facsimile:  314-863-1877
heckert@bbdlc.com
jchambers@bbdlc.com

*Attorneys for Defendants*

## Certificate of Service

I hereby certify that on this 12th day of February, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Heidi L. Eckert*_____

5